IN THE MATTER OF THE ESTATE OF EHU (k)
Deceased.

APPEAL FROM COOPER, JUDGE.

HEARING, MARCH 19, 1894.          DECISION, APRIL 19, 1894.

JUDD, C.J., BICKERTON AND FREAR, JJ.

Luka who owned property died intestate leaving an infant son and a husband Ehu by name. The son inherited the property. The son then died and the father inherited. Then the father Ehu died.

Held, that a half brother of Ehu, or his children by right of representation, inherited equally with Ehu's sisters.

In statutes of descent an ancestor is one from whom the estate is immediately inherited. A father in such statutes is considered to be "of the blood" of his son.

The proviso in the latter part of Sec. 1454 of the Civil Code, excluding from the inheritance those who are not "of the blood" of the ancestor from whom the estate came to the decedent intestate, does not exclude those of the half blood of such ancestor.

OPINION OF THE COURT, BY JUDD, C.J.

This is an appeal from a decree of distribution of the Circuit Court, First Circuit, in Probate, whereby the estate of one D. Ehu, who died intestate, was awarded to Kea and Laepaa, and the appellants Malie, Lizzie Keaka, Kahalehina and Kalo were excluded from participation in the estate.

The facts necessary to the proper understanding of this case are as follows :

The estate was originally owned by one Luka. She married one Ehu, the decedent, and had a son by him. Luka died leaving her husband Ehu and her infant son. By the statute of descent the son inherited the land. The son died in infancy and by statute Ehu inherited the property. Then Ehu died intestate, leaving Kea and Laepaa 2d, his full sisters by their common parents. Keawe (k) and Laepaa 1 (w) —and also the children of Kaaikapu, a half brother, whose parents were Laepaa (w) and Makaiaonaona, a former husband of Laepaa 1. The children and heirs of Kaaikapu are the appellants above named.

The question is whether the children of Kaaikapu, the half brother of Ehu, inherit equally with his full sisters.

The statute of descent contains the provisions, Sec. 1454, Civil Code, that "the kindred of the half blood shall inherit equally with those of the whole blood in the same degree ; provided, however, that where the inheritance came to the intestate by descent, devise or gift, of some of his ancestors, all those who are not of the blood of such ancestor, shall be excluded from such inheritance." In the present case the estate came to the decedent intestate Ehu, from his infant son. The son is therefore the "ancestor" of his father. It is well settled by repeated decisions that in statutes of descent the word "ancestor" does not have its popular meaning as the one from whom another descends, but the one from whom an estate is immediately inherited. *Prickett vs. Parker*, 3 Ohio, 395. *Brewster vs. Benedict*, 14 Ohio, 385. *Greenlee vs. Davis*, 19 Ind. 60.

2 Washburn, Real Prop. pp. 414 and 415 (Ed. of 1862.)

Counsel for contestant urges that it is absurd to call a son the "ancestor" of his father, but the Circuit Judge rightly held that according to the meaning of our statute he must be so considered. We, as above indicated, sustain this view.

The statute allows the kindred of the half blood to inherit equally with those of the whole blood in the same degree, the

exception being that those who are not of the blood of the ancestor from whom the estate came to the decedent are excluded. The parties in this case are the appellees, the full sisters of the decedent Ehu, and the appellants, who are the children of Ehu's half brother.

The son of Ehu being the ancestor from whom the estate came to him, to exclude the appellants they must be not "of the blood" of the son of Ehu. They are of his blood, for their father Kaaikapu had the blood of Ehu, they two having the same mother, and, consequently, Kaaikapu was "of the blood" of Ehu's son. Kaaikapu being in the same degree with Ehu's full sisters (the appellees) his (Kaaikapu's) children take their father's share by right of representation.

The statute does not say that to inherit, the person must be of the "full blood" of the ancestor. The word "full" is not in this part of the statute and this meaning would be inconsistent with the first part of the statute which allows the half blood to inherit equally with the full blood. There is abundant authority for this position. Washburn in his work on Real Property, 2 Wash. R. P. p. 412, says that "when reference is made in the language of a statute regulating descent to such as are "of the blood" of the person from whom the estate came, a father is accounted to be of the blood of his daughter." Citing *Cole vs. Batley*, 2 Curtis Cir. Ct. R. 562. This case so held on the authority of *Gardner vs. Collins*, 2 Peters 58–87. This case (decided by the Supreme Court of the U. S. in 1829) holds in the opinion delivered by Mr. Justice Story on a statute of descent identical with ours that "the phrase 'of the blood' in the statute includes the half blood: that this was the natural meaning of the word standing alone and unexplained by any context: that a half brother or sister is of the blood of the intestate, for each of them has some of the blood of the common parent in his or her veins; a person is with the most strict propriety of language affirmed to be of the blood of another who has any, however small a portion, of the same blood derived from a common ancestor."

*Beebee vs. Griffing,* 14 N. Y., 235, sustains this view. The terms " the blood" of the ancestor in the statute (1 R. St. 753, Sec. 15) include his relations of the half blood.

In *Cutter vs. Washington,* 22 Mo. 265, (1855) it was held " where the statute excluded all those who were not of the blood of the ancestor, that the words ' of the blood' exclude only those who have none of the blood of the ancestor from whom the estate came, without reference to proportion or quantity."

Upon reason and authority, therefore, we find that Kaaikapu, the half brother of Ehu, was of the blood of Ehu's son from whom the estate came to him and the children of Kaaikapu are entitled to one share of the estate with the appellees. The estate must be distributed one-third to Kea, one-third to Laepaa 2nd, and one-third to Malie, Lizzie Keaka, Kahalehina and Kalo, the children of Kaaikapu, share and share alike.

Decree accordingly.

*A. S. Hartwell,* for appellees.

*J. A. Magoon,* for appellants.